UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DONALD STAPLES,              )
                             )
        Plaintiff            )
                             )
v.                           )      Civil No. 09-440-P-S
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security, )
                             )
        Defendant            )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the commissioner supportably found the plaintiff, who alleges that he was disabled prior to March 31, 1992, his date last insured for benefits, by generalized anxiety disorder, hiatal hernia, and ulcers, capable as of that date of performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be vacated and the case remanded for further development.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff last met the insured status requirements of the Social Security Act on March 31, 1992, Finding 1, Record at 17; that, through his date last insured, he had a severe impairment of generalized anxiety disorder and suffered from two non-severe impairments, a hiatal hernia and ulcers,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 17, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Finding 3, *id*. at 18; that, through his date last insured, he retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: he was limited to performing work activity involving (i) following not more than simple instructions, (ii) only brief and superficial contact with co-workers and supervisors, (iii) no contact with the public, (iv) no high production goals or quotas, and (v) no exposure to loud, sudden noises, Finding 5, *id*. at 22; through his date last insured, considering his age (born on July 6, 1947), education (high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could have performed, Findings 7-10, *id*. at 35; and that he, therefore, was not under a disability as defined in the Social Security Act at any time from August 1, 1988, the alleged onset date, through March 31, 1992, his date last insured, Finding 11, *id*. at 39.[2] The Decision Review Board selected the decision for review but did not complete its review within the allotted time, see *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

---

[2] To obtain SSD benefits, the plaintiff was obliged to demonstrate that he was disabled on or before his date last insured for benefits, March 31, 1992. *See Mueller v. Astrue*, 561 F.3d 837, 840 (8th Cir. 2009).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 404.1520(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).[3]

## I. Discussion

The plaintiff seeks reversal and remand on any of three bases, contending that the administrative law judge erred in (i) failing to include any RFC restriction corresponding to her finding of moderate limitation in concentration, persistence, or pace, (ii) improperly rejecting the mental RFC opinions of two examining consultants, Frank Luongo, Ph.D., and John L. Newcomb, M.D., and (iii) arriving at a mental RFC determination unsupported by substantial evidence, having been crafted from the raw medical data. *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 12) at 2-5. I conclude, and recommend that the court find, that reversal and remand are warranted on the basis of the third point of error. I briefly discuss the remaining two points, which I do not find independently warrant reversal and remand.

### A. Mental RFC Determination

The commissioner prescribes a psychiatric review technique that adjudicators must follow in assessing whether, at Step 2, a claimant has medically determinable mental impairment(s); if so, whether, at Steps 2 and 3, such impairments are severe and meet or equal a

---

[3] For reasons discussed below, I revise this court's standard language regarding Step 5 to state that the record must contain "substantial," rather than "positive," evidence in support of the commissioner's RFC finding.

3

so-called Listing (a determination arrived at with the aid of a so-called Psychiatric Review Technique Form ("PRTF"); and, if one proceeds to Steps 4 and 5, the degree to which such impairments impact RFC (a so-called mental RFC assessment). *See* 20 C.F.R. § 404.1520a. At the PRTF stage, the severity of the impairment is assessed on the basis of rating of the degree of limitation in four broad functional areas: (i) activities of daily living, (ii) social functioning, (iii) concentration, persistence, or pace, and (iv) episodes of decompensation. *See id*. If a mental impairment is judged to be severe but not to meet or equal a Listing, assessment of a claimant's mental RFC is required; if it is judged non-severe, no mental RFC assessment need be made. *See id*.

Unless the sequelae of a claimant's impairments are obvious to a layperson as a matter of common sense, an administrative law judge is not qualified to determine RFC on the basis of the raw medical evidence but instead must look to a medical expert to do so. *See, e.g., Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record"); *Rohrberg v. Apfel,* 26 F. Supp.2d 303, 311 (D. Mass. 1998) ("[T]he ALJ, although empowered to make credibility determinations and to resolve conflicting evidence, is not at liberty simply to ignore uncontroverted medical reports. An ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence.") (citations and internal punctuation omitted).

The plaintiff is correct that the administrative law judge's detailed assessment of his mental RFC cannot be traced to, and is unsupported by, any medical expert opinion of record.

4

The record contains only two mental RFC assessments, one completed by Dr. Newcomb, dated January 26, 2009, *see* Record at 591-92, and one completed by Dr. Luongo, dated January 27, 2009, *see id*. at 593-94. Both Drs. Newcomb and Luongo indicated that since March 31, 1992, the plaintiff has been markedly limited in, or effectively precluded from performing, a number of work-related functions. *See id*. at 591-94.

In a period spanning 10 years (1998 to 2008), four Disability Determination Services ("DDS") nonexamining consultants reviewed the plaintiff's then-available records, producing five reports, four indicating a lack of sufficient evidence to assess the plaintiff's mental status for the period from August 1, 1988, to March 31, 1992, and hence providing no PRTF ratings or mental RFC assessment, *see id*. at 274-87 (PRTF dated October 11, 2005, by Peter Allen, Ph.D.), 443-56 (PRTF dated April 29, 2008, by David R. Houston, Ph.D.), 465-78 (PRTF dated July 7, 2008, by Thomas Knox, Ph.D.), 504-13 (PRTF dated August 4, 1998, by Scott Hoch, Ph.D.) and one finding that the plaintiff suffered from a non-severe anxiety-related disorder as of his date last insured, and hence producing no mental RFC assessment, *see id*. at 487-95 (PRTF dated May 18, 1998, by Dr. Allen).[4]

The administrative law judge essentially rejected all of these expert reports. *See id*. at 31 (according the opinions of Drs. Luongo and Newcomb, insofar as they related to the plaintiff's mental status as of 1992, little evidentiary weight; according the DDS opinions some evidentiary weight, at least to the extent that they reflected the existence of a mental impairment prior to the date last insured, but finding that the plaintiff did suffer from a severe impairment prior thereto). Thus, in essence, she crafted her finding of the plaintiff's mental RFC from the raw treatment and assessment evidence of record. The administrative law judge was not qualified, as a

---

[4] There are also a number of Veterans Administration ("VA") disability ratings of record. *See, e.g*., Record at 307-14, 316-22. However, the VA records contain nothing that could be described as a mental RFC assessment in the sense contemplated by Social Security regulations. *See, e.g., id*.

5

layperson, to make that assessment, which should have been entrusted to an expert or experts. Her mental RFC finding accordingly was unsupported by substantial evidence.

At oral argument, counsel for the commissioner contended that (i) it was not error for the administrative law judge, in the circumstances of this case, to determine the plaintiff's RFC without expert assistance in so doing and, alternatively, (ii) assuming *arguendo* that it was facial error, it was harmless error, the plaintiff having failed to meet his burden of proof as to his RFC as of his remote date last insured.

On the first point, counsel pointed out that it is the province of the administrative law judge, not of DDS experts, to determine RFC, based on the totality of all evidence available of record. *See, e.g.*, 20 C.F.R. §§ 404.1545(a), 404.1546(c). He posited that the administrative law judge in this case faced a quandary: when she supportably rejected the plaintiff's expert RFC opinions, there was no expert RFC opinion that she could conveniently adopt as her own RFC. Yet, he reasoned, given the remote date last insured of 1992, she could not have "improved upon" the state of the record by consulting yet another DDS expert or sending the plaintiff for a consultative examination, there being no indication that there were any missing documents from the relevant time period, and several DDS experts having already opined that they lacked sufficient evidence to assess the plaintiff's mental state as of that time. He argued that, in the circumstances, as contemplated by 20 C.F.R. §§ 404.1545(a) and 404.1546(c), she permissibly assessed the plaintiff's mental RFC as of 1992 by crediting, at least in part, his subjective allegations, the VA disability ratings of record, and a 2000 mental status examination report authored by Dr. Newcomb for the VA.

This argument might have proved persuasive had the administrative law judge clarified how she derived the specific components of her RFC from these sources. But she did not. *See*

Record at 22-34. From all that appears, she overstepped the bounds of her expertise as a layperson, translating nuanced raw medical evidence into a functional capacity assessment. That was error.

I turn to the question of whether the error was harmless. On that front, counsel for the commissioner contended that this court has been applying an erroneous standard of review in stating that, at Step 5, the record must contain "positive evidence" in support of a claimant's RFC. He pointed out that the commissioner revised his regulations in 2003 to clarify that his only burden at Step 5 is to produce evidence of jobs fitting an RFC, with the burden at all times remaining on the claimant to produce evidence of RFC. For that proposition, he cited the commissioner's explanatory text accompanying the 2003 regulation revision, Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of 'Special Profile' Into Regulations, 68 Fed. Reg. 51,153-01 (Aug. 26, 2003), as well as two United States Circuit Court of Appeals cases considering the impact of the 2003 revision, *Poupore v. Astrue*, 566 F.3d 303 (2d Cir. 2009), and *Goff v. Barnhart*, 421 F.3d 785 (8th Cir. 2005).

He argued that because, in this case, the administrative law judge properly rejected the opinions of the plaintiff's experts, and the opinions of the DDS experts support a far more restrictive RFC, the plaintiff failed to meet his burden of proving RFC. He posited that, against the backdrop of that failure, the administrative law judge should be understood simply to have given the plaintiff the benefit of the doubt, crediting, in part, his subjective allegations, VA disability ratings, and Dr. Newcomb's 2000 report for the VA. He pointed out that this court itself has recognized that there can be no reversible error when an administrative law judge gives

a claimant the benefit of the doubt, a proposition for which he cited *MacFarlane v. Astrue*, No. 07-132-P-H, 2008 WL 660225 (D. Me. Mar. 5, 2008) (rec. dec., *aff'd* Apr. 1, 2008).

The regulations in question, 20 C.F.R. §§ 404.1560(c)(2) and 416.960(c)(2), as revised in 2003, state:

> In order to support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors. We are not responsible for providing additional evidence about your residual functional capacity because we will use the same residual functional capacity assessment that we used to determine if you can do your past relevant work.

20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). In promulgating the revised regulations, the commissioner commented: "The modified paragraph . . . makes clear that we are not responsible for providing additional evidence of RFC or for making another RFC assessment at step 5. This is because we use the same RFC assessment at step 5 that we made before we considered whether you have the RFC to do past relevant work at step 4, a point in our process at which you have the burdens of production and persuasion." 68 Fed. Reg. at 51,157.

In *Poupore*, the United States Court of Appeals for the Second Circuit held that the 2003 revision abrogated the standard of review that it had set forth in *Curry v. Apfel*, 209 F.3d 117, 122-23 (2d Cir. 2000), to the extent that *Curry* had held that the commissioner bore the burden of proving at Step 5 that a claimant retained the RFC to perform work available in the national economy. *See Poupore*, 566 F.3d at 305-06; *Curry*, 209 F.3d at 123 & n.1 (holding that the commissioner is required, at Step 5, to prove a claimant's RFC). *See also Goff*, 421 F.3d at 793 ("The RFC is used at both step four and five of the evaluation process, but it is determined at step four, where the burden of proof rests with the claimant.") (citation and internal quotation marks omitted).

8

The language "positive evidence" might be construed to imply that this court *does* impose an evidentiary burden on the commissioner at Step 5. However, that is an incorrect interpretation. Neither this court nor the First Circuit in *Rosado*, the case upon which it has relied for that proposition, has held that the commissioner bears the burden at any stage of proving RFC. Rather, *Rosado* stands for the unremarkable proposition that, to the extent that the commissioner's RFC finding *at Step 4* is unsupported by substantial evidence, the commissioner cannot go on to make a supportable Step 5 finding premised upon that RFC. *See Rosado*, 807 F.2d at 293-94 ("By disregarding the only residual functional capacity evaluation in the record, the ALJ in effect has substituted his own judgment for uncontroverted medical opinion. This he may not do. Since it is the Secretary's burden at step 5 of the sequential evaluation process to show that there are jobs in the economy that the claimant can perform, the Secretary cannot rely on a presumption of sitting ability sufficient to do sedentary work.") (citations omitted).

While it is the claimant's burden at Step 4 to produce evidence of his RFC, *see, e.g.*, 20 C.F.R. § 404.1560(c)(2), the commissioner's determination at Step 4 regarding RFC must be supported by substantial evidence, *see, e.g., Manso-Pizarro*, 76 F.3d at 16. The First Circuit has held, and has reaffirmed on several occasions, that an administrative law judge, as a layperson, is not qualified to assess RFC based on raw medical evidence, except to the extent that common-sense judgments regarding RFC can be made. *See, e.g., Roberts v. Barnhart*, 67 Fed. Appx. 621, 623 (1st Cir. 2003) ("As we have stated, an expert's RFC evaluation is required where the record . . . is sufficiently ramified that understanding it requires more than a layperson's effort at a commonsense functional capacity assessment.") (citation and internal quotation marks omitted).

The commissioner's 2003 revision does nothing to undermine this holding. While the claimant is responsible for adducing evidence of RFC, the court is responsible for determining

whether the administrative law judge's findings are supported by substantial evidence. As even the United States Court of Appeals for the Second Circuit has implicitly recognized post-*Poupore*, the 2003 revision does not bear on the latter issue. *See, e.g., Mancuso v. Astrue*, 361 Fed. Appx. 176, 179 (2d Cir. 2010) ("The Commissioner may rely on a vocational expert's testimony concerning the availability of jobs suited to a hypothetical person's capabilities so long as the hypothetical is *based on substantial evidence*.") (emphasis added). As noted above, the administrative law judge's RFC determination in this case cannot be discerned to be supported by substantial evidence.

Nor is this a case, like *MacFarlane*, in which the administrative law judge can be said simply to have given the claimant the benefit of the doubt. In *MacFarlane*, the administrative law judge made clear that he was doing just that. *See MacFarlane*, 2008 WL 660225, at *4. In this case, by contrast, the administrative law judge affirmatively stated that she found the plaintiff to have suffered from a severe mental impairment prior to his date last insured and that she gave the DDS opinions weight only to the extent that they reflected that he did suffer from a medically determinable mental impairment prior to that date. *See* Record at 31. Having made that determination, she was obliged to make an RFC determination, rooted in substantial evidence of record.

Because the administrative law judge supplied, to the vocational expert present at the plaintiff's hearing, an RFC that cannot be determined to be supported by substantial evidence, testimony as to jobs predicated on that RFC cannot carry the commissioner's Step 5 burden. *See, e.g., Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (responses of vocational expert are relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record; "To guarantee that correspondence, the

Administrative Law Judge must both clarify the outputs (deciding what testimony will be credited and resolving ambiguities), and accurately transmit the clarified output to the expert in the form of assumptions."). This necessitates reversal and remand.

### B. Failure To Incorporate Moderate Limitation

"This court has indicated that mental RFC findings typically should reflect, and be consistent with, the degree of impairment found by way of use of a PRTF." *McHugh v. Astrue*, Civil No. 09-104-BW, 2009 WL 5218059, at *4 (D. Me. Dec. 30, 2009) (rec. dec., *aff'd* Jan. 20, 2010).

The plaintiff argues that the administrative law judge failed to reflect, in her mental RFC, the moderate restriction that she had found in concentration, persistence, or pace. *See* Statement of Errors at 2-3. He points out that the "safe harbor" of reliance on a mental RFC opinion by a DDS expert purporting to take into account such a moderate restriction is unavailable in this case, no such mental RFC opinion having been adopted. *See id*. at 3; *see also, e.g., Swift v. Astrue*, Civil No. 08-280-B-W, 2009 WL 902067, at *3 (D. Me. Mar. 31, 2009) (rec. dec., *aff'd* Apr. 21, 2009) (noting that the narrative set forth in section III of the commissioner's mental RFC form, rather than the checkboxes indicating moderate and other degrees of limitation, constitutes the "official RFC assessment").

Nonetheless, in this case, the administrative law judge included in her mental RFC assessment the sort of restriction that this court has suggested *would* reflect a limitation in concentration, persistence, or pace: a limitation to no high production goals or quotas. *See* Finding 5, Record at 22; *see also, e.g., Swift*, 2009 WL 902067, at *2 (deficiencies in concentration may cause a claimant to "be unable to meet quotas, stay alert, or work at a consistent pace, even at a simple, unskilled, routine job") (citation and internal quotation marks

omitted). While the plaintiff suggests that the administrative law judge failed to reflect all of his possible deficits in concentration, persistence, or pace, *see* Statement of Errors at 3 n.3, that argument goes to his winning point of error: that the administrative law judge, a layperson, improperly crafted a mental RFC herself from the raw medical evidence.[5]

## C. Treatment of Drs. Newcomb, Luongo

The plaintiff finally faults the administrative law judge for improperly rejecting Drs. Newcomb's and Luongo's retrospective mental RFC opinions, stating that although she provided a rationale for rejecting their ultimate conclusions that he was disabled as of his date last insured, she failed to address their findings (and the plaintiff's limitations) in the specific areas enumerated by those examiners. *See* Statement of Errors at 5. He argues that (i) the limitations found by the examiners are consistent with the nature and severity of his anxiety and (ii) the fact that both examiners found limitations in those areas militates in favor of the validity of the limitations, something that the administrative law judge failed to address. *See id*.

I find no error. Even the opinions of treating sources, whose opinions generally are entitled to more weight than those of examining sources, may be discounted for good reason without a slavish discussion of all potentially-applicable factors. *See, e.g., Golfieri v. Barnhart*, No. 06-14-B-W, 2006 WL 3531624, at *4 (D. Me. Dec. 6, 2006) (rec. dec., *aff'd* Dec. 29, 2006).

The administrative law judge extensively and carefully discussed both the Luongo and Newcomb disability and mental RFC opinions, noting*, inter alia*:

> There was significant disagreement between the two [mental RFC] opinions, which strongly suggests that they were fairly speculative in nature and reduces the credibility of and weight given to each opinion. Dr. Luongo concluded that the [plaintiff] had either markedly limited, or effectively precluded, ability to sustain

---

[5] To the extent that the plaintiff means to argue that *Swift* dictates that an administrative law judge address whether a limitation in concentration, persistence, or pace affects a claimant's ability to stay alert or work at a consistent pace, as well as his or her ability to meet production quotas, *see* Statement of Errors at 3 n.3, he errs. The quoted language merely catalogues examples of the impact that a deficiency in concentration *may* have.

12

an ordinary routine without special supervision. Dr. Newcomb did not so
conclude. Dr. Luongo concluded that the [plaintiff] had either markedly limited,
or effectively precluded, ability to work in coordination with, or proximity to,
others without being distracted by them. Dr. Newcomb did not so conclude. Dr.
Newcomb concluded that the [plaintiff] had either markedly limited, or
effectively precluded, ability to respond appropriately to changes in a work
setting. Dr. Luongo did not so conclude. Dr. Newcomb concluded that the
[plaintiff] had either markedly limited, or effectively precluded, ability to set
realistic goals. Dr. Luongo did not so conclude. Dr. Newcomb concluded that the
[plaintiff] . . . had either markedly limited, or effectively precluded, ability to
remember locations. Dr. Luongo did not so conclude. Dr. Newcomb concluded
that the [plaintiff] had either markedly limited, or effectively precluded, ability to
remember work-like procedures. Dr. Luongo did not so conclude. Dr. Newcomb
concluded that the [plaintiff] had either markedly limited, or effectively
precluded, ability to make plans independently of others. Dr. Luongo did not so
conclude.

Record at 27. These observations, which are supported by the record, *compare id*. at 591-92 *with id*. at 593-94, comprise sufficient reason to have rejected both the Luongo and Newcomb mental RFC opinions.[6]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

---

[6] Were more needed, the administrative law judge provided other good reasons for rejecting both the disability and mental RFC opinions, including that (i) Dr. Luongo never treated the plaintiff and did not evaluate him until many years after 1992, (ii) neither doctor's opinion appeared to be consistent with the objective medical evidence relating to the period of time on or before the plaintiff's date last insured, which showed that the plaintiff did not then suffer from post traumatic stress disorder, and (iii) the opinions were based, to some extent, on the plaintiff's stated history, which was inconsistent with his described activities of daily living during the period of time at issue, the subjective complaints he made then, and the minimal course of treatment, objective findings, and medication at that time. *See* Record at 31.

Dated this 29th day of June, 2010.

                                                <u>/s/ John H. Rich III</u>
                                                John H. Rich III
                                                United States Magistrate Judge